In the Matter of SOUND RADIO, INC., t/a WNJR Radio 1430, a Corporation of the State of New Jersey, Debtor.

Bankruptcy No. 84–06261.

United States Bankruptcy Court, D. New Jersey.

March 12, 1986.

Kleinberg, Moroney, Masterson & Schachter by Walter J. Greenhalgh, Millburn, N.J., for debtor.

Lehman & Wasserman by Steven Z. Jurista, Millburn, N.J., for Creditors Committee.

Pitney, Hardin, Kipp & Szuch by Roger Ward, Morristown, N.J., for Touro Group.

Jeremy Doppelt, Livingston, N.J., for Ronald Nielenson.

Durand, Gorman, Heher, Imbriaco, Lynes & Morrice by Harry Heher, Princeton, N.J., Crummy, Del Deo, Dolan, Griffinger & Vecchione by Paul R. DeFilippo, Newark, N.J., for Sheridan Group.

Sills, Beck, Cummis, Zuckerman, Radin & Tischman by Richard D. Trenk, Newark, N.J., for Benjamin Wright.

Hilton Davis, Newark, N.J., for Daniel Robinson.

Ravin, Sarasohn, Cook, Baumgarten & Fisch by Paul Kizel, West Orange, N.J., for Daniel Styles.

Kirsten, Friedman & Cherin by Richard Meth, Newark, N.J., for Continental Broadcasting.

## OPINION

D. JOSEPH DeVITO, Bankruptcy Judge.

The creditors committee in the above captioned proceeding moves to lift the self-imposed stay, thereby permitting the proceeding to proceed toward confirmation with the proposed plans of reorganization now on file. For the reasons set forth below, the motion is denied.

To briefly recap the history of this case, a hearing was held by this Court on October 15, 1985, ostensibly to dismiss the Chapter 11 proceeding. It became painfully obvious at that time that the debtor was involved in a serious dispute relating to the controlling ownership interests. It appears that, prior to the noted hearing date, a major battle between the debtor's present board of directors and a dissident minority group had ensued. The minority group claimed that it had validly elected itself as the new directorate.

On October 15, 1985, the Court, reading into the record an oral opinion, exercised its power to abstain and directed the parties to the state court, with instructions to resolve the question of controlling ownership under the laws of the forum state, and then return to this Court for further proceedings.

The creditors committee now brings on the instant motion, in essence, praying this Court to push onward toward confirmation. In denying the motion, the Court finds the committee's motion to be fraught with the same dangers that were brought to the fore on October 15th.

It is of paramount importance that the question of control of the debtor be settled before proceeding further for several obvious reasons. Firstly, counsel for the debtor could in no way adequately function if he did not know to whom he was accountable. As there are the competing plans, some qualitative judgment must be made by the debtor to evaluate same, with such evaluation performed by the group rightly in control. Lastly, as all the plans call for a 100 per cent payout to the creditors, the only parties with true competitive interests are the factions of shareholders. Any plan will most severely impact upon them.

Moreover, there is no countervailing argument to overcome the necessity of settling the stockholder dispute. All of the plans on file with the Court call for 100 per cent payment to creditors, together with interest, certainly the ultimate recovery. Nor does this Court believe that the short-term circumstances resulting from the state court action would change the situation. Indeed, the Court is familiar with the debtor and the value of its assets. The Court is confident that there is no danger of these plans suddenly evaporating, leav-

ing the creditors without alternatives. Finally, the time frame of which we speak for the state court action is not egregious to the creditors. Judge Simon of the Superior Court is contemplating a June trial date, a mere three months from now. The state court action is certainly progressing at a better than average pace. The Court is steadfast in its belief that it is better to forego action for a brief time span and resolve all ownership issues before proceeding further. To act with undue haste now could conceivably result in serious complications to the detriment of all concerned.

For these reasons the motion is denied, and the stay shall remain until the state court action is resolved.

Submit the appropriate order.